# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re *Ex Parte* Application of | : |
| JANE DOE, | : Case No. 3:24-mc-00102 |
| Applicant, | : |
| FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | : |

# MEMORANDUM OF LAW IN SUPPORT OF
# APPLICANT'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

**ARGUMENT**

I.  **APPLICANT IS PERMITTED TO PROCEED ANONYMOUSLY IN THIS CIRCUIT.**

This action involves Jane Doe's application for discovery from Connecticut resident Ali Fayed pursuant to 18 U.S.C. § 1782. Jane Doe submits this Memorandum of Law in support of Applicant's Motion for Leave to Proceed Anonymously. Allowing Doe, who is a survivor of sex trafficking, to proceed anonymously will protect her highly sensitive personal information and identity. There is no prejudice in allowing Jane Doe to proceed anonymously, nor is there any significant public interest in the disclosure of Jane Doe's identity. In fact, the public interest in this case weighs in favor of granting Jane Doe's request to proceed anonymously for her well-being and protection. As noted in Jane Doe's accompanying Petition, Jane Doe has faced harassment and threats in the past and fears potential retaliation from others associated with the Harrods Trafficking Venture or the Fayed family.

Federal Rule of Civil Procedure 10(a) requires pleadings to "include the names of all the parties." However, the court has discretion to allow a plaintiff to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d. Cir. 2008). "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." *Doe. No. 2 v. Kolko*, 242 F.R.D. 193, 196 (EDNY 2006); *see also* Conn. Gen. Stat. §§ 54–86e (2015) (directing that the name, address, and other identifying information of a victim of sexual assault shall be confidential).

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The balancing of interests entails the consideration of ten non-exhaustive factors, though the court has discretion

2

to consider "other factors relevant to the particular case under consideration." *Id.* at 189–190. The ten factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted).

## II. THE RELEVANT FACTORS WEIGH IN FAVOR OF PERMITTING APPLICANT TO PROCEED ANONYMOUSLY.

In this case, the applicable *Sealed Plaintiff* factors support Jane Doe's application, and none weighs against it. Jane Doe is a survivor of trafficking, including brutal sexual and physical assault. The heinous acts that were committed against her are highly sensitive in nature and are particularly difficult for her to address in a public forum. Identifying Jane Doe would have significant negative effects on her mental health by exposing this deeply sensitive experience to the public generally and, especially, to family and professional contacts who do not know of it. *See Doe v. Univ. of Connecticut*, 2013 WL 4504299 (D. Conn. Aug. 22, 2013) ("[P]ublic identification … can present the harm of further emotional upset."). It also would expose Jane Doe to a risk of retaliation. As described in her Petition, the Harrods Trafficking Venture involved threats, surveillance, and intimidation. Petition at 7-9. Jane Doe was previously threatened and harassed and genuinely and

reasonably fears retaliation from surviving members of the Fayed family. *Id.* at 8. For all of these reasons, Jane Doe has not previously publicly disclosed her identity or history.

Moreover, Jane Doe has not filed a civil case seeking recovery from Ali Fayed, but merely seeks to conduct discovery of him in aid of a foreign proceeding against Harrods and potentially others. There is no defendant in this proceeding—let alone, a defendant who is prejudiced by her anonymity. Ali Fayed has no right under § 1782 to seek discovery of Jane Doe, and therefore has no authority and no need to know her identity. The discovery sought by Jane Doe, and her right to pursue it, are not changed by knowledge of her identity. Given the "purely legal nature" of this issue, there is "an atypically weak public interest" in knowing her identity. *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted); *see also Free Speech v. Reno*, Case No. 98 Civ. 2680 MBM, 1999 WL 47310, at *3 (S.D.N.Y. Feb. 1, 1999) ("because the particular plaintiffs in this constitutional challenge are essentially interchangeable with similarly situated persons, there appears little public interest in which particular persons have actually sued...").

Allowing Jane Doe to proceed anonymously also does not affect any legitimate public interest. The public will still have knowledge of the proceeding and will only be precluded from knowing Jane Doe's identity. "The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself . . . Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (internal citations omitted). Furthermore, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195.

## III. CONCLUSION

The balancing factors articulated by the Second Circuit weigh in favor of protecting Jane Doe's privacy and allowing Jane Doe to proceed anonymously. For the foregoing reasons, Doe respectfully requests that the Court grant her Motion for Leave to Proceed Anonymously.

Dated: November 12, 2024    Respectfully Submitted,

MOTLEY RICE LLC

*/s/ William H. Narwold*
William H. Narwold (CT 00133)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1681 Telephone
bnarwold@motleyrice.com

*/s/Linda Singer*
Linda Singer
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 386-9626 Telephone
(202) 386-9622 Fax
lsinger@motleyrice.com
*(Pro Hac Vice Forthcoming)*